### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**FRED SMITH**                                                                                                                         **PLAINTIFF**

**V.**                              **CASE NO. 4:15-CV-00521 JM/BD**

**ARKANSAS BOARD OF**
**ELECTION COMMISSIONERS, et al.**                                                         **DEFENDANTS**

### PARTIAL RECOMMENDED DISPOSITION

**I.     Procedures for Filing Objections:**

This Partial Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr.  Any party may file written objections to this Recommendation.  Objections must be specific and must include the factual or legal basis for the objection.  If objections are to be considered, they must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.  By not objecting, parties may waive any right to appeal questions of fact.

**II.    Discussion:**

Plaintiff Fred Smith brought this case *pro se* claiming violations of the Voting Rights Act, the Racketeer Influenced and Corrupt Organizations, the Sherman Act, and

the Equal Protection and Due Process Clauses of the United States Constitution. (Docket entry #2) Judge Moody referred the case to this Court for disposition of all pretrial matters. (#3)

The Court has reviewed the complaint and, based on that review, recommends that the Court dismiss Mary McGowan as a defendant under 28 U.S.C. § 1915(e)(2)(iii). See *Briggs v. Wheeling Machine Product Co.*, 499 Fed. Appx. 634 (2013)(affirming pre-service dismissal of complaint under 29 U.S.C. § 1915(e)(2)(B); see also *Pendleton v. Sanders*, 565 Fed. Appx. 584 (2014)(same). Judges are entitled to absolute judicial immunity. See *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (per curiam); *Martin v. Hendren*, 127 F.3d 720, 721 (8th Cir. 1997). Absolute judicial immunity cannot be overcome, even with allegations of bad faith or malice. *Mireles*, 502 U.S. at 11–12. (citations omitted). Judicial immunity trumps unless non-judicial actions are alleged or in cases where the judge acted in the complete absence of all jurisdiction. *Id*. (citations omitted).

Mr. Smith's claims against Defendant McGowan are based on her judicial actions in a state case in which Mr. Smith was a named defendant. (#2) See *Democratic Party of Arkansas v. Mark Martin, et al.*, No. 60 cv 2012 1245 (filed March 13, 2012). Accordingly, Defendant McGowan enjoys absolute immunity.

### III.  Conclusion:

The Court recommends that Defendant McGowan be DISMISSED from the

lawsuit, with prejudice.

    DATED this 28th day of August, 2015.

                                                   _____
                                                   UNITED STATES MAGISTRATE JUDGE