**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**FRED SMITH**                                                                                    **PLAINTIFF**

**V.**                                       **CASE NO. 4:15-CV-521-JM-BD**

**ARKANSAS BOARD OF**
**ELECTION COMMISSIONERS, et al.**                                     **DEFENDANTS**

**RECOMMENDED DISPOSITION**

### I.     Procedures for Filing Objections:

This Recommended Disposition ("Recommendation") has been sent to Judge

James M. Moody Jr.  You may file written objections to this Recommendation.  If you file

objections, they must be specific and must include the factual or legal basis for your

objection.  Your objections must be received in the office of the United States District

Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Moody can adopt this Recommendation without

independently reviewing the record.  By not objecting, you may also waive any right to

appeal questions of fact.

### II.     Background:

Plaintiff Fred Smith filed this case as a class action on behalf of "We the People,

Constituents of District 50 of Arkansas State."  Mr. Smith, who is proceeding pro se,

asserts that plaintiffs were "turned away at the polls to vote for Fred Smith Democrat

without cause."  (Docket entry #2 at p. 1)  The complaint includes claims of voter fraud

1

and violations of the Voting Rights Act.  (Docket entry #2)  Judge Moody has referred the case to this Court for disposition of all pretrial matters.  (#3)

Minutes before the filing deadline on March 1, 2012, Mr. Smith filed the necessary documents and tendered the filing fee to run as a Democratic Party candidate for State Representative, District 50, in the May, 2012 primary election.  (#25 at p. 17)  Prior to the election, on April 9, 2012, the Pulaski County Circuit Court ruled, in a case filed by the Democratic Party of Arkansas, that Mr. Smith "was ineligible on March 1, 2012 when he filed as a Democratic candidate for State Representative, District Number 50."  (*Id*. at p. 21)  The Court ordered that votes for Fred Smith "not be counted or certified in the May 22, 2012 Democratic party preferential primary."[1]  (*Id*. at p. 22)  Mr. Smith did not appeal the Circuit Court's order to the Arkansas Supreme Court.

Prior to the 2012 general election, Mr. Smith was nominated as the Green Party Candidate for House District 50, and Defendant Martin certified Mr. Smith as the Green Party candidate on the general election ballot.  (#25 at p. 23)  Hudson Hallum was the Democratic party nominee for House District 50 on the general election ballot, but he pleaded guilty to election fraud in September, 2012, and Mr. Smith filed suit to have Mr. Hallum removed from the ballot.  (#25 at p. 23)  In that lawsuit, the Pulaski County Circuit Court ordered that votes for Mr. Hallum in the general election not be counted or

---

[1]The defendants in the Pulaski County Circuit Court case were Mark Martin, Arkansas Secretary of State; Fred Smith; Crittenden County Election Commission; and Cross County Election Commission.

certified.  (#25 at pp. 25-26)  As a result, Mr. Smith was the only eligible candidate on the ballot and was elected to the State House of Representatives to represent District 50 in the November, 2012, election.  (#44 at p. 14)

Mr. Smith took office and served his entire term as Representative.  During his term, he was known to generally caucus with the Democratic Party.

In 2014, Mr. Smith filed to run for re-election as Representative for District 50 in the Democratic Party primary, and the Secretary of State certified him as a candidate on the Democratic Party primary ballot.  Mr. Smith lost his reelection bid in a contested primary election.  (#25 at pp. 27-29)

On behalf of the class, Mr. Smith claims voter fraud; criminal conspiracy under 18 U.S.C. §§ 241 and 242; violations of the Voting Rights Act, 52 U.S.C. §10301; violations of RICO and the Sherman Anti-trust Act; violations of 42 U.S.C. § 1981, the equal protection clause; 42 U.S.C. § 1983, the due process clause; and 42 U.S.C. § 1985.  (#2) For relief, Plaintiffs seek compensatory damages, punitive damages, "exemplary and emotional damages," and attorneys' fees.

In his motion to dismiss, or in the alternative motion for judgment on the pleadings, and motion for summary judgment (#25), Defendant Mark Martin contends this Court lacks subject matter jurisdiction over this lawsuit, and argues that the case should be dismissed under Federal Rule of Civil Procedure 12(b)(1).  (#26 at p. 6)  More specifically, Defendant Martin argues that Plaintiffs do not have standing; that they are

re-litigating matters already decided by the state court in violation of the *Rooker-Feldman* doctrine; and that Plaintiffs are precluded from bringing claims here that were or could have been raised in the Pulaski County Circuit Court proceeding.  (#26 at pp. 6-9)

Defendants Arkansas Board of Election Commissioners and Mike Beebe argue in their motion to dismiss (#32) that Plaintiffs' claims are barred by the Eleventh Amendment, which grants them immunity; that the complaint should be dismissed because it is not signed as required by Rule 11 of the Federal Rules of Civil Procedure; that the claims are barred by the applicable statute of limitations, res judicata or the pendency of another case; that the complaint is an impermissible collateral attack on a state court order; and that the complaint fails to state facts supporting a valid cause of action.  Defendant Beebe also argues that Plaintiffs did not properly serve him with the complaint.  (*Id*. at p. 2)

Defendant Cross County Election Commission answered the complaint and moved to dismiss it under Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim and 12(b)(7) for failure to join the individual commissioners of the Cross County Election Commission, who are "indispensable parties."[2]  (#30)  The Crittenden County Election Commission answered and has moved to dismiss the complaint under Federal Rule of

---

[2] It is unclear why the Cross County Election Commission deems its individual Commissioners to be "indispensable" parties rather than merely "necessary" parties; that is, why it is not feasible to join the Commissioners as party defendants.  That said, because the lawsuit should be dismissed based on other grounds, it is unnecessary to determine whether the Commissioners are, indeed, indispensable.

Civil Procedure 12(b)(6) on grounds that the complaint is barred by the doctrines of res judicata and collateral estoppel. (#34)

For the reasons set forth below, Plaintiffs'[3] claims against all of the Defendants should be dismissed under Federal Rule of Civil Procedure 12(b)(1), because Plaintiffs lack standing. Further, all of Plaintiffs' claims against Defendants Arkansas Board of Election Commissioners and Former Governor Mike Beebe must be dismissed because these Defendants are entitled to immunity.

III. **Discussion**:

A. **Standard**

Defendant Martin moves to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. A district court has the authority to dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus

---

[3]In this Recommendation, the Court refers to Mr. Smith and the proposed class of District 50 Constituents collectively as "Plaintiffs." The Court declines to discuss class certification in this Recommendation, however, because, as explained below, neither Mr. Smith nor the proposed class members have standing to proceed with this lawsuit. See *Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 821 (8th Cir. 2015)("a plaintiff who lacks standing cannot be a proper class representative under Rule 23(a)"); see also *In re Zurn Pex Plumbing Products Liab. Litig.*, 644 F.3d 604, 616 (8th Cir. 2011)(a court cannot certify a class if it contains members who lack standing).

the court's resolution of disputed facts." *Johnson v. United States*, 534 F.3d 958, 962

(8th Cir. 2008)(citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

**B.     Standing**

Whether a plaintiff has standing to sue "is the threshold question in every federal

case, determining the power of the court to entertain the suit." *McClain v. Am. Econ. Ins.

Co.*, 424 F.3d 728, 731 (8th Cir. 2005)(quoting *Steger v. Franco. Inc.*, 228 F.3d 889, 892

(8th Cir. 2000) (quotation omitted)).  The question arises from Article III, § 2, of the

United States Constitution, which limits the subject matter jurisdiction of federal courts to

actual cases and controversies.  *Id.*, see also *Novartis Seeds, Inc. v. Monsanto Co.*, 190

F.3d 868, 871 (8th Cir. 1999).  To establish standing, a plaintiff must demonstrate that he

or she suffered "(1) an 'injury-in-fact' that (2) is 'fairly ... trace[able] to the challenged

action of the defendant' and (3) is 'likely ... [to] be redressed by a favorable decision' in

court." *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 958 (8th Cir.

2011) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130

(1992)).  Here, Plaintiffs have not demonstrated that they have Constitutional standing.

1.     Injury-in-Fact Traceable to Defendants

An injury-in-fact is a "direct injury" that results from the challenged conduct.

*McClain*, 424 F.3d at 731 (citing *Steger*, 228 F.3d at 892).  Voters who allege facts

showing they have suffered a disadvantage have standing to sue. *Baker v. Carr*, 369 U.S.

186, 206 (1962).  Similarly, a citizen's right to vote without arbitrary impairment by state

action has been recognized as a right secured by the Constitution.  *Id* at 208.  The

"primary concern is not the interest of the candidate . . . but rather, the interest of the

voters, who chose to associate together to express their support for [his or her] candidacy

and the views [he or she] espoused."  *McLain v. Meier*, 851 F.2d 1045, 1048 (8th Cir.

1988).

Several courts have found that voters have standing to challenge ballot access

restrictions on the candidate of their choice.  *Id*. (citing  *Anderson v. Celebrezze*, 460 U.S.

780, 806, 103 S.Ct. 1564, 1579 (1983); *Bullock v. Carter*, 405 U.S. 134, 143, 92 S.Ct.

849, 855–56 (1972); and *Bachur v. Democratic National Party*, 666 F.Supp. 763, 770–72

(D.Md.1987) (voter has standing to assert claims as voter and on behalf of candidates for

delegate).  For example, in *McClain,* the Court found that the plaintiff had suffered an

injury-in-fact because the ballot access laws at issue would restrict his ability to vote for

the candidate of his choice or would dilute the effect of his vote if his chosen candidate

was not fairly presented to the voting public.  *Id*.

In this case, Plaintiffs do not challenge Arkansas's candidacy requirements.

Instead, they claim that Defendants denied District 50 voters their right to vote for Mr.

Smith as their chosen candidate in the 2012 Democratic primary.  The flaw in Mr.

Smith's complaint, for standing purposes, is that the Circuit Court found that Mr. Smith

was not an eligible candidate and ordered that votes cast for Mr. Smith not be counted or

certified.[4]  Accordingly, even if Defendants told Plaintiffs they could not vote for Mr.

Smith, the Secretary of State, at the Circuit Court's direction, would not have counted or

certified those votes.  Consequently, Plaintiffs did not suffer an actual injury as a result of

the Defendants' challenged conduct.

A second flaw in Plaintiffs' complaint is that any alleged injury Defendants may

have suffered in not being able to vote for Mr. Smith in the Democratic Primary election

was remedied when Mr. Smith was elected District 50 representative in the general

election.  Although Mr. Smith was not elected in the primary as the Democratic

candidate, he still advanced to the general election as the Green Party candidate, won the

2012 general election, and became District 50's representative in the Arkansas General

Assembly.  Here, Plaintiffs were able to elect their chosen candidate and did not suffer a

concrete injury from not being able to vote for Mr. Smith as the Democratic candidate in

the primary election.

---

[4]The issue of the validity or invalidity of a ballot or ballot procedures is a question of state law.  *Roberts v. Wamser*, 883 F.2d 617, 622 (8th Cir. 1989)(citing *Partido Nuevo Progresista v. Perez*, 639 F.2d 825 (1st Cir.1980), cert. denied, 451 U.S. 985, 101 S.Ct. 2318 (1981); *Hubbard v. Ammerman*, 465 F.2d 1169 (5th Cir.1972), cert. denied, 410 U.S. 910, 93 S.Ct. 967, 35 L.Ed.2d 272 (1973)).  Here the issue of Mr. Smith's eligibility to be on the Democratic primary ballot was decided by the Pulaski County Circuit Court when it granted the Democratic Party's writ of mandamus and declaratory judgment. (#25 at pp. 17-22)  Mr. Smith did not appeal the Circuit Court's order to the Arkansas Supreme Court, and the time for doing so has long since passed.  This Court does not have jurisdiction over the issues resolved by the Pulaski County Circuit Court.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983).

2.       Redressing Plaintiffs' Injuries

Finally, this Court must analyze whether a finding for Plaintiffs would redress their

injury.  As explained, Plaintiffs have not suffered an injury.  But even if they had, the

Court could not redress it.

In order to meet standing requirements, it must be likely, as opposed to

speculative, that a plaintiff's injury will be redressed by a favorable decision.  *Lujan*, 504

U.S. at 561.  It is unclear from the Complaint what injuries Plaintiffs alleged they have

suffered as a result of being unable to vote for Mr. Smith in the Democratic primary

election.  They do not seek declaratory or injunctive relief, presumably because the Court

cannot turn back the clock to allow Plaintiffs to vote for Mr. Smith in the 2012 primary

election.  In any event, Plaintiffs are unlikely to want a do-over of the 2012 election,

given that their chosen candidate was elected as their Representative in the 2012 general

election.

Neither Mr. Smith nor the constituents of District 50 can legitimately claim to have

suffered injury as a result of Mr. Smith's election as the Green Party candidate instead of

the Democratic party candidate.  Mr. Smith was not prevented from caucusing with the

Democratic party after his election or from running as a Democratic candidate in future

elections.  In fact, he was a candidate in the 2014 Democratic primary for District 50

representative.  Accordingly, a favorable finding for Plaintiffs would not redress

Plaintiffs' alleged injuries, even if they had standing to pursue this case against the Defendants.

### C.    Immunity

The Eleventh Amendment serves as a general bar to lawsuits brought by individuals in federal court against a state or its agencies.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100, 104 S. Ct. 900, 908 (1984); see also *Edelman v. Jordan*, 415 U.S. 651, 662-63, 94 S.Ct. 1347, 1355-56 (1974).  An individual may bring suit against a State only if the State has unequivocally waived its immunity or if federal law passed under § 5 of the Fourteenth Amendment operates as a waiver of the eleventh amendment's protection.  *Hutto v. Finney*, 437 U.S. 678, 693, 98 S.Ct. 2565, 2574-75 (1978) (citation omitted).

The Board or Election Commissioners is an agency of the State of Arkansas, and Defendant Beebe was acting in his official capacity as Governor of the State of Arkansas at all times relevant to this lawsuit.  Neither the State of Arkansas nor Congress has waived Arkansas's Eleventh Amendment immunity for damages under §§ 1981, 1983, or 1985.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66 (1989)(state is entitled to Eleventh Amendment immunity in suits brought under §1983);  *Singletary v. Missouri Dep't of Corr.*, 423 F.3d 886, 890 (8th Cir. 2005) (the state enjoys Eleventh Amendment immunity against § 1981 liability); *Fincher v. Florida Dep't of Labor & Employment Sec. Unemployment Appeals Comm'n*, 798 F.2d 1371, 1372 (11th Cir. 1986), cert. denied, 479

U.S. 1072, 107 S.Ct. 1262 (1987) (finding no express congressional abrogation of the state's eleventh amendment immunity with respect to 42 U.S.C. § 1985 actions).  The Board of Election Commissioners and former Governor Beebe are immune from suit, and this Court lacks jurisdiction over Mr. Smith's claims against them.  Accordingly, Mr. Smith's claims against these Defendants must be dismissed under Federal Rule of Civil Procedure 12(b)(1).

IV.   **Conclusion**:

The Court recommends that the motions to dismiss filed by Defendants Martin, Arkansas Board of Election Commissioners, and Mike Beebe for lack of jurisdiction (#25, #32) be GRANTED; that Plaintiffs' complaint against all of the Defendants be DISMISSED with prejudice, under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction; and that all other pending motions (#36, #38, #40, #43, #44, #45) be DENIED, as moot.

DATED this 18th day of March, 2016.

_____
UNITED STATES MAGISTRATE JUDGE